UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CONNA FAYE TASSIE,

  Plaintiff,          CIVIL ACTION NO. 06-10585

 v.              DISTRICT JUDGE BERNARD A. FRIEDMAN

MANUFACTURES PRODUCTS     MAGISTRATE JUDGE VIRGINIA MORGAN
COMPANY, ET AL.,

  Defendants

 v.

CHARTER ONE BANK,

  Garnishee.
_____/

## **REPORT AND RECOMMENDATION DENYING MOTIONS**

  This matter is before the court on the plaintiff's post-judgment Motion for Sanctions and Costs and for Default Judgment [against the Garnishee defendant Charter One Bank]. (D/E 40) The Garnishee opposes the Motion. Oral argument was held before the magistrate judge. Also before the court is Plaintiff's Motion to Compel (D/E 34), since the order granting that Motion has been set aside. For the reasons discussed on the record and as set forth herein, the court finds that plaintiff did not effectuate timely, proper service of either the underlying garnishment

or the Motion to Compel. Because this is a post-judgment matter, this court's jurisdiction is limited to a Report and Recommendation.[1] Therefore, it is recommended that:

1. The Motion to Compel (D/E 34) should be denied for the reason that proper service on the Bank was not made.

2. The instant Motion for Sanctions for Costs and Default Judgment [against the Bank] (D/E 40) should be denied.

**Background**

Plaintiff was employed by Manufactures Products and was discharged from her employment in June, 2003. In 2006, she brought suit against Manufactures and the UAW in a hybrid §301 action, see 29 U.S.C. § 185, alleging that the discharge was without cause and the Union breached its duty of fair representation. The Union filed a Motion to Dismiss, which was granted by the district judge on July 12, 2006. The basis of the dismissal was that plaintiff brought the action outside the statute of limitations. Noting that under Del Costello v. Intl. Brotherhood of Teamsters, 462 U.S. 151 (1983), the applicable statute of limitations is six months in a hybrid 301 action, the court dismissed the case. Plaintiff had waited over two years to challenge her dismissal and the action was clearly time barred. (Opinion, 3 D/E 17) For whatever reason, the employer, although represented by counsel and having filed an answer,[2] did not move to dismiss or join in the UAW's Motion. A clerk's entry of default was taken against

---

[1] The matter was reassigned from Magistrate Judge Capel to the undersigned shortly after the Motion to Compel was filed. Because judgment had been entered, the Order granting the Motion to Compel (Order of June 27, 2007) should have been a Report and Recommendation. This court's June 27, 2007 Order (D/E 38) is vacated and set aside by separate order.

[2] Counsel was Charles Carson. The docket reflects that an answer was entered but that counsel was suspended.

-2-

the defendant employer [prior to the answer being filed] and no motion was made to set that aside. In August, 2006, Manufactures Products Company stipulated to entry of a default judgment in the amount of $150,000 plus fees and costs of $4181.27.[3]

Plaintiff then began post judgment collection efforts against various banks. Garnishments were issued to Comerica, National City, and Charter One. Each denied liability as to defendant. After the first garnishment disclosure by Charter One denying liability (D/E 33), plaintiff's counsel filed a Motion to Compel Anser to Interrogatories (D/E 34). The Motion was scheduled and heard. No one from the Bank appeared. Plaintiff's counsel represented that proper service had been made of the writ, the interrogatories, and the Motion. The Motion was granted in error.

First, the Order should have been a Report and Recommendation because this was essentially a Motion for post-judgment relief. Secondly, counsel represented that the writ and the interrogatories had been properly served. Counsel also represented that the Motion had been properly served. Based on that, an Order granting the Motion and ordering $1200 as costs for failure to respond was entered. The Order is not a model of clarity, but a review of the hearing transcript indicates that $1200 was ordered as a sanction.

One year later, plaintiff filed the instant Motion for Sanctions because the $1200 was not paid. It has now come to light, through counsel to the Bank, that service of the writ of garnishment in the first instance was not properly made, that as of January, 2007 plaintiff's counsel was advised that he needed to give more information in order for the Bank to determine

---

[3]It is somewhat unclear whether this judgment has any force. It represents that it was signed by consent of Charles Carson. If he was still suspended, it is doubtful whether he could so stipulate on behalf of defendant Manufactures.

whether it had accounts. Further, on or about June 25, 2007 (before the hearing date), the bank had told plaintiff's counsel that it did not have any accounts of defendant Manufactures. A hard copy of this information was posted to the court file on June 29, 2007. (D/E 39) The Bank's counsel submits that the initial garnishment writ was improper, and therefore, that it should not be enforced. In addition, none of the delay has harmed plaintiff because the Bank had no funds of Manufactures.

FRCP Rule 69(a) provides that:

> "Process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise. The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable."

Thus, Michigan rules applicable to post judgment garnishment proceedings apply. *Apostolic Pentecostal Church v. Colbert*, 169 F3d 409, 414 (6th Cir. 1999)

In the instant case, plaintiff's counsel did not serve the writ of garnishment in the manner provided for service of a summons and complaint as required by MCR 3.101(F)(1). Plaintiff's counsel failed to serve the writ with sufficient information and failed to serve it to the Bank's legal department in the appropriate way, but instead left it with an unauthorized branch employee. Despite that, the Bank endeavored to communicate with plaintiff's counsel to get the information needed to respond. The Bank advised plaintiff it had no funds of the judgment debtor. It appears that plaintiff's counsel may have been aware before the June, 2007 hearing that the Bank had no accounts and was not indebted to the judgment debtor. If so, he failed to represent the same to the court. Clearly, plaintiff's counsel knew of this fact within days

thereafter, at the time the garnishee disclosure was posted on June 29, 2007. Thus, there is no basis for the instant Motion.

The magistrate judge finds that plaintiff's counsel's dispute with the Bank arises out of an improperly served writ and mishandling of post-judgment collection procedures. The court further finds that there is a question regarding the validity of the underlying judgment given the docketed suspended status of the attorney for the judgment debtor. The court is also concerned that plaintiff's counsel was likely aware of the fact that the Bank held no accounts of the judgment debtor before the June, 2007 court hearing and/or at least within one week thereafter. He failed to advise the court of the same. The magistrate judge further finds that sanctions for the failure to answer interrogatories are not warranted, that plaintiff was not harmed in any manner because the garnishee owed no debt to the judgment debtor, and that any expenses incurred by plaintiff's counsel for the preparation of the motion and the hearing were caused by his own failure to properly prepare and serve the writ and to communicate with the Bank. Further, the court finds that the Bank provided information to plaintiff's counsel as soon as it was aware of his request, despite improper service, and has not in any manner failed to fully comply with its obligations. Accordingly, it is recommended that the Motion for Sanctions be denied and that the original Motion to Compel be denied.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Howard v. Secretary of HHS</u>, 932 F.2d 505, 508 (6th Cir. 1991); <u>United States v.

<u>Walters</u>, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. <u>Willis v. Secretary of HHS</u>, 931 F.2d 390, 401 (6th Cir. 1991); <u>Smith v. Detroit Fed'n of Teachers Local 231</u>, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

<u>s/Virginia M. Morgan</u>
Virginia M. Morgan
United States Magistrate Judge

Dated: October 6, 2008

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System and/or U. S. Mail on October 6, 2008.

<u>s/Jane Johnson</u>
Case Manager to
Magistrate Judge Virginia M. Morgan